# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv471

| | |
|---|---|
| MARGE IANNUCCI; and MICHAEL A. IANNUCCI, ) ) ) | |
| Plaintiffs, ) ) | |
| Vs. ) ) | MEMORANDUM AND RECOMMENDATION |
| MISSION HOSPITAL; and JAN HART, ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the court on defendant Mission Hospital's Motion to Dismiss and defendant Jan Hart's Motion to Dismiss. Inasmuch as plaintiffs are proceeding without counsel, the undersigned entered Orders in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and cautioned plaintiffs as to their responsibility for filing a response and the requirement that they show the court that it has jurisdiction over the subject matter of their claims. On October 30, 2008, plaintiffs filed a consolidated response to both motions.[1] Both defendants timely filed their reply, and the issues presented are now ripe for disposition.

## FINDINGS AND CONCLUSIONS

**I.   Background**

In this action, plaintiffs have attempted to set forth a claim for violation of the

---

[1] Although the response purports to be from both plaintiffs, it appears that only the male plaintiff has signed the pleading.

1

Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and a claim labeled "Hostile Working Environment," which appears to either contain or be related to a claim for libel and/or slander. Reading the Complaint in a light most favorable to plaintiffs, it appears that they have attempted to assert the following claims: (1) a private cause of action for violation of HIPAA; (2) a Title VII hostile work environment claim under the Civil Rights Act of 1964; and (3) a supplemental claim for defamation. The factual underpinning of these claims is that defendant Jan Hart violated Marge Iannucci's privacy rights under HIPAA by "pulling up" her medical records in front of two pharmacy technicians. In support of the Title VII claim, plaintiffs allege that Defendant Hart created a hostile work environment, which culminated in the violation of Plaintiff Marge Iannucci's HIPAA rights. Plaintiffs have also alleged defamation, but have not specified the allegedly defamatory statements or writings. Defendants have moved to dismiss the Complaint in its entirety under Rules 12(b)(1) & (6), Federal Rules of Civil Procedure.

**II.     Applicable Standard**

    **A.     Rule 12(b)(1) Standard**

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains

2

silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the

3

substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

**B.     Rule 12(b)(6) Standard**

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S.

___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiffs.

III. Discussion

    A. HIPAA Claim

There is no private cause of action under HIPAA. The United States Department of Health and Human Services ("DHHS") stated in its Final Rule for Standards for Privacy of Individually Identifiable Health Information that "[u]nder

HIPAA, individuals do not have a right to court action." 65 Fed. Reg. 82601 (Dec. 28, 2000)(to be codified at 45 CFR Parts 160 and 164). No federal court has held that a private right of action exists under HIPAA. Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006)(Congress did not intend for a private right of action under HIPAA); Webb v. Smart Document Solutions, LLC, 499 F. 3d 1078, 1080 (9th Cir. 2007) (noting that HIPAA provides for no private right of action); Werdehausen v. Benicorp Insurance Company, 487 F. 3d 660, 668 (8th Cir. 2007)(no private right of action); Agee v. United States of America, 72 Fed. Cl. 284 (Fed. Ct. Claims. 2006)(holding that HIPAA does not provide for a private cause of action and citing cases). Since there is no private right of action under HIPAA, the undersigned must recommend that this claim be dismissed with prejudice under Rule 12(b)(6).

**B.     Title VII Claim**

Plaintiffs simply cannot bring a Title VII hostile work environment claim in this court until they first exhaust their administrative remedies. Davis v. North Carolina Dept. Of Correction, 48 F.3d 134, 137 (4th Cir. 1995). Plaintiffs have neither alleged nor shown that they filed an administrative claim with the EEOC before they brought this action and they have failed to produce to the court any right-to-sue letter issued from such agency. The undersigned must, therefore, recommend that this claim be dismissed without prejudice under Rule 12(b)(1).

**C.     Defamation**

Inasmuch as neither libel or slander will support a Title VII claim, the court has assumed that plaintiffs are attempting to bring a supplemental claim for defamation.

First, such a supplemental claim cannot survive in this court inasmuch as there are no viable federal claims asserted.

There are two separate torts encompassed by the term "defamation," those being libel and slander.

> Generally, "libel is written while slander is oral." "[W]hen defamatory words are spoken with the intent that the words be reduced to writing, and the words are in fact written, the publication is both slander and libel."

Gaunt v. Pittaway, 135 N.C.App. 442, 447 (1999)(citations omitted).

The elements of slander are that a statement (1) was made to a third person and (2) that such statement was false. Andrews v. Elliot, 426 S.E.2d 430, 432 (N.C. Ct. App. 1993). A slander *per se* occurs

> when considered alone without explanatory circumstances [the statement] (1) charges that a person has committed an infamous crime... (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace.

Gaunt, supra, at 448 (citation omitted).

As to a claim for libel *per se*, the North Carolina Court of Appeals defines such a claim as follows:

> a publication which, when considered alone without explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace.

Clark v. Brown, 99 N.C.App. 255, 277, *disc. review denied*, 327 N.C. 426 (1990).

To allege defamation against an employer for acts of an employee, plaintiffs must allege that the employee made false, defamatory statements of or concerning

them, which were published to a third person, causing injury to the plaintiffs' reputation and that the employee was either acting with the implied or express authority of the employer or was acting within the scope of the employee's employment. Griffin v. Holden, 636 S.E. 2d. 298, 301 (N.C. App. 2006).

The only allegation in this Complaint is that Defendant Hart created a hostile work environment that also included "Libel + Slander." Such an allegation does not satisfy even the requirements of notice pleading in that it does not give the accused defendants any notice of the words plaintiffs contend amount to defamation. Indeed, it does not even allege to whom such unknown words were communicated. Communication of the derogatory remarks to a third party is pivotal to any claim of defamation inasmuch as one simply cannot be defamed except in the eyes of third parties.

The undersigned must recommend that such claim be dismissed under Rule 12(b)(6) as well as 28, United States Code, Section 1367(c)(3), without prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Mission Hospital's Motion to Dismiss and defendant Jan Hart's Motion to Dismiss be **ALLOWED**, and that

(1) plaintiffs HIPAA claim be dismissed with prejudice;

(2) the Title VII claims be dismissed without prejudice;

(3) the defamation claims be dismissed without prejudice; and

(4) that this action be **DISMISSED** in its entirety.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: November 13, 2008

Dennis L. Howell
United States Magistrate Judge